United States District Court
Southern District of Texas
**ENTERED**
March 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANE DOE (T.S.), § | |
| § | |
| *Plaintiff*, § | |
| VS. § | CIVIL ACTION NO. 4:23-cv-01729 |
| § | |
| SALESFORCE, INC. *et al.*, § | |
| § | |
| *Defendant*. § | |
| § | |

## ORDER

Pending before the Court is Plaintiff Jane Doe (T.S.)'s ("Doe") Motion to Remand. (Doc. No. 6). Defendant Salesforce, Inc. ("Salesforce") responded in opposition. (Doc. No. 10). Plaintiff filed a reply. (Doc. No. 14). For the reasons outlined below, the Court hereby **DENIES** Plaintiff's Motion to Remand. (Doc. No. 6).

### I.     Background

Plaintiff originally sued Salesforce, Defendant Backpage.com ("Backpage"), and Defendant Carl Ferrer ("Ferrer") in the 152nd District Court of Harris, County, Texas on May 1, 2023. Plaintiff asserts several causes of action in her Original Petition, including (as against Salesforce and Backpage) a cause of action for violation of Texas Civil Practice & Remedies Code § 98, and a cause of action for violation of Texas Civil Practice & Remedies Code § 98A. Against all Defendants, Plaintiff asserts a cause of action for joint and several liability under Texas Civil Practice & Remedies Code § 98.005. The only issue before the Court is whether, at the time of removal, the two forum defendants (Carl Ferrer and Backpage.com, LLC) had been properly joined and served.

## II. Legal Standard

Federal courts have limited jurisdiction, so any doubts as to whether federal jurisdiction is proper are resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Accordingly, the removing party bears the burden of establishing that a state-court suit is removable to federal court. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Any doubts about the propriety of removal are to be resolved in favor of remand. *Acuna*, 200 F.3d at 339. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A defendant may typically remove a civil action filed in state court to federal court if the federal court would have had original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Under the forum-defendant rule, however, a case is not removable if one of the defendants is a citizen of the forum state. *Id.* § 1441(b)(2) (permitting removal only if "none of the parties properly joined and served as defendants is a citizen of the State in which such action is brought."). In a process known as "snap removal," a forum defendant may remove a case when a not-yet-served defendant is a citizen of the forum state. *Texas Brine Co., L.L.C. v. Am. Arb. Assn., Inc.*, 955 F.3d 482 (5th Cir. 2020).

The forum-defendant rule is procedural, not jurisdictional. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 393 (5th Cir. 2009). The Fifth Circuit has held that the "plain language" of § 1441(b) allows snap removal. *Texas Brine*, 955 F.3d at 485.

### III. Analysis

Salesforce contends that this was a proper "snap removal" because the case was removed before the only forum-state defendants, Ferrer and Backpage, were "properly joined and served" under 28 U.S.C. § 1441(b)(2). In her motion to remand, Plaintiff argues that forum defendant Ferrer was properly served when Ferrer's counsel "accepted service on his behalf" via agreement on May 2, 2023. Additionally, Plaintiff argues that Ferrer "did not consent to removal" under 28 U.S.C. § 1446 after he was "validly served," and that "the failure to gain consent makes Salesforce's removal procedurally—and incurably—defective." (Doc. No. 6 at 2). In her reply, Plaintiff further argues that the filing of Ferrer's Answer in the present case (after removal) "concedes service." (Doc. No. 14 at 1).

This case presents a relatively straightforward "snap removal" question. The law is clear in this Circuit that, where complete diversity exists, a case can be removed despite the presence of a resident defendant where that defendant is unserved. *In re Levy*, 52 F.4th 244, 248 (5th Cir. 2022). The key question here, then, is whether Ferrer or Backpage—the forum defendants—were properly served prior to Salesforce's Notice of Removal filed in this Court on May 10, 2023. (Doc. No. 1).

In the removal context, the Supreme Court has held that "service" means formal service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (holding that the removal clock under 28 U.S.C. § 1446 "is triggered by simultaneous service of the summons and complaint...not by mere receipt of the complaint unattended by any formal service."); *see also City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). Federal courts in this Circuit "look to state law to verify that service of process effectively brought the defendant within the state court's jurisdiction." *City of Clarksdale*, 428 F.3d at 210

3

n.6. So, to determine whether Ferrer or Backpage was "properly joined and served" under the removal statute, this Court must look to see what constitutes service of process under Texas law. *See id.*

Under Texas law, formal service requires "delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition" or by mailing the citation and petition to the defendant by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106. A defendant may waive service in Texas by entering an appearance or by filing an answer. Tex. R. Civ. P. 120, 121. A defendant may also "accept service of process, or waive the issuance or service thereof by written memorandum signed by him, or by his duly authorized agent or attorney, after suit is brought, sworn to before a proper officer other than an attorney in the case, and filed among the papers of the case." Tex. R. Civ. P. 119. At the time of removal, the state court docket does not reflect any appearance made by Backpage or Ferrer, and no answer was filed prior to removal. (Doc. No. 1-3).

Plaintiff points to a letter dated June 8, 2023 between Plaintiff's counsel and counsel for Carl Ferrer "memorializing [a] prior agreement regarding proper service of Plaintiffs' lawsuit on Defendant Carl Ferrer." (Doc. No. 6-1). The agreement purports to "accept service via email on behalf of Carl Ferrer." (*Id.*). The letter further states that "Plaintiffs' counsel properly served Defendant Carl Ferrer through his counsel of record, via email, in accordance with the Parties [sic] prior agreement." (*Id.*). As Salesforce points out, this does not comply with Texas waiver requirements under Rule 119. The letter "memorializing a prior agreement" is unsworn, was executed after removal, and was not filed on the state court docket (as required by Rule 119). Nor did Ferrer appear or file an answer in state court prior to removal. As a result, Salesforce has

demonstrated that neither forum defendant was "properly joined and served" at the time of removal. The removal was therefore a proper "snap removal" in this Circuit.[1]

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Remand. (Doc. No. 6).

Signed at Houston, Texas, on this the 12th day of March, 2024.

Andrew S. Hanen
United States District Judge

---

[1] Since the Court has determined that Ferrer was not "properly joined or served," whether he consented to removal is irrelevant because, according to the language of 28 U.S.C. § 1446, "defendants *who have been properly joined and served* must join in or consent to the removal of the action." Moreover, Plaintiff's argument that the filing of Ferrer's Answer in this Court (after removal) constitutes a proper "general appearance" fails because Ferrer did not file an answer in the state court case. *See* Tex. R. Civ. P. 121.